UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50105-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S RENEWED |
| vs. | ) | MOTION TO COMPEL |
| | ) | DISCOVERY |
| CARL LOPEZ, a/k/a | ) | |
| KENNETH HUTSELL, | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

Defendant filed a motion to suppress all evidence seized by law enforcement and South Dakota Highway Patrol Officer Zac Bader, as well as any statement made by defendant either at the traffic stop or at the South Dakota Highway Patrol Office subsequent to defendant's arrest. (Docket 16). In support of the motion to suppress, defendant filed a motion to compel discovery. (Docket 21). Defendant requested an order requiring the disclosure of the following evidence prior to the suppression hearing:

   1. A copy of all warning citations, for speed or other moving violations, that Trooper Zac Bader wrote in the year 2010.

   2. The South Dakota Highway Patrol dispatch log for the hours of 12:00 noon through 5:00 p.m. on November 7, 2010.

Id. The court entered an order (Docket 26) denying without prejudice defendant's first request and granting defendant's second request.

Defendant renews the motion with respect to defendant's first request. (Docket 33).

## **DISCUSSION**[1]

As the basis for the renewed motion, defendant argues the requested information is necessary to support a potential claim "that the highway patrol [Trooper Bader] was engaged in illegal, discriminatory enforcement of the traffic laws when the officer decided to stop Defendant." Id. at p. 2.

The selective enforcement of laws may violate the Equal Protection Clause. Whren v. United States, 517 U.S. 806, 813 (1996). "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race . . . . the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause . . . ." Id.  To be successful on a discriminatory enforcement claim the defendant must challenge the trooper's motivation for the stop. United States v. Herrara Martinez, 354 F.3d 932, 934 (8th Cir. 2004) ("Although a pretextual traffic stop violates the Fourth Amendment, any traffic violation provides a police officer with probable cause to stop a vehicle. . . . defendants did not show discriminatory enforcement of the traffic laws by challenging [the trooper's] motivation in their case.") (citing Whren, 517 U.S. at 813).

---

[1]The court incorporates the legal analysis of its previous order (Docket 26).

"The burden of proof of selective or vindictive prosecution is on the defendant." United States v. Kelley, 152 F.3d 881, 885 (8th Cir. 1998).  The only suggestion of a constitution violation raised by defendant may be potential "evidence of any pattern by Trooper Bader of selectively stopping certain classes of people [which] are [sic] relevant, admissible, and probative to any determination under an Equal Protection challenge to the stop in this case."  (Docket 33, p. 2).  Defendant has provided less than a bare minimum, particularized basis for discovery of Trooper Bader's warning citations for the calendar year 2010.  United States v. Hardy, 224 F.3d 752, 755 (8th Cir. 2000).  The court denies defendant's renewed motion.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendant's renewed motion to compel (Docket 33) is denied.

Dated March 29, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE
